IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE

| | |
|---|---|
| JENNIFER HAYES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. _____ |
| v. | ) |
| | ) Division _____ |
| FORD MOTOR COMPANY | ) |
| Serve Registered Agent at: | ) |
|   120 S. Central Ave. | ) |
|   Clayton, MO 63105 | ) |
| | ) |
| and | ) |
| | ) |
| CORPORATE SERVICES | ) |
| HOLDINGS, INC. d/b/a | ) |
| BARTECH | ) |
| Serve Registered Agent at: | ) |
|   221 Bolivar St. | ) |
|   Jefferson City, MO 65101 | ) |
| | ) |
| and | ) |
| | ) |
| KWEON PANGYU | ) |
| Serve at: | ) |
|   5133 Heather Dr., Apt. 110 | ) |
|   Dearborn, MI 48126, | ) |
| | ) |
| Defendants. | ) |

PETITION FOR DAMAGES

COMES NOW Plaintiff Jennifer Hayes, (hereinafter "Plaintiff") and for her causes of action against Defendants Ford Motor Company (hereinafter "Defendant Ford"), Corporate Services Holdings, Inc. d/b/a Bartech (hereinafter "Defendant Bartech") and Kweon Pangyu (hereinafter "Defendant Pangyu") states and alleges as follows:

## PARTIES

1. Plaintiff is a natural person and a resident of Grandview, Jackson County, Missouri.

2. Defendant Ford is a corporation with its principal place of business in Clayton, St. Louis County, Missouri.

3. Defendant Bartech is a wholly owned subsidiary of Corporate Services Holdings, Inc. with its principal place of business in Jefferson City, Cole County, Missouri.

4. Defendant Pangyu is a natural person and a resident of Dearborn, Wayne County, Michigan.

5. Defendant Pangyu was the driver of the vehicle at the time of the collision at issue in this case. Upon information and belief, Defendant Bartech had a contract in place with Defendant Ford for Defendant Pangyu to provide services on a "Ford Test Vehicle" and act as an employee, agent, or servant of Defendant Bartech and Defendant Ford, and was acting within the course and scope of his employment or agency for Defendant Bartech and Defendant Ford at the time of the wreck at issue in this case.

6. At the time of the collision Defendant Pangyu was working to benefit both Defendant Bartech and Defendant Ford both of which were joint employers.

## JURISDICTION AND VENUE

7. This cause of action accrued in Jackson County, Missouri.

8. At all relevant times, Plaintiff was first injured as a result of the wrongful acts and negligence of Defendants in Kansas City, Jackson County, Missouri. Therefore, venue is proper under RSMo § 508.010.4.

## ALLEGATIONS COMMON TO ALL COUNTS

9. Plaintiff hereby incorporates all preceding paragraphs as though fully set forth herein.

10. At all times mentioned herein, the roads of Oak Street and 31st Street are public thoroughfares in Kansas City, Missouri.

11. On or about February 23, 2020, Plaintiff was operating a vehicle, driving eastbound on 31st Street approaching Oak Street.

12. On or about February 23, 2020, Defendant Pangyu was operating the Ford Test Vehicle, stopped at a stop sign northbound on Oak Street and then entered the intersection, causing a collision with Plaintiff.

13. At the said time and location, Plaintiff was transported to the hospital for bodily injuries.

14. At said time and location, Defendant Pangyu was an agent and a joint employee of Bartech and Ford.

15. At all times herein, Defendant Pangyu was acting in the course and scope of his agency and employment with Defendant Bartech and Defendant Ford.

16. At all times relevant herein, the Ford Test Vehicle being operated by Defendant Pangyu was owned by Defendant Ford.

Electronically Filed - Jackson - Independence - September 16, 2021 - 01:49 PM

17. At all times relevant herein, Defendant Pangyu's operation of the Ford Test Vehicle served the business interests of Defendant Bartech and Defendant Ford.

18. At all times relevant herein, Defendant Bartech and Defendant Ford either controlled or had the right to control the physical conduct and activities of Defendant Pangyu.

19. Upon information and belief, on or about February 23, 2020, Defendant Pangyu did carelessly and negligently operate the Ford Test Vehicle, allowing his vehicle to collide with the vehicle being then and there operated by Plaintiff.

20. As a result of Defendants' negligence and the subsequent impact, Plaintiff suffered serious and permanent injuries hereinafter described.

COUNT I
NEGLIGENCE
(Against All Defendants)

21. Plaintiff hereby incorporates all preceding paragraphs as though fully set forth herein.

22. Defendant Pangyu's conduct is imputed to his principals, Defendants Bartech and Ford, and Defendants Bartech and Ford are thereby liable for all of Plaintiff's damages discussed herein.

23. At all times relevant hereto, Defendants Pangyu, Bartech, and Ford owed Plaintiff a continuous duty to exercise the highest degree of care while operating the Ford Test Vehicle.

24. Defendants breached that duty and were thereby negligent and/or reckless in one or more of the following respects:

1. Defendant Pangyu failed to adequately stop the vehicle he was driving;

2. Defendant Pangyu negligently entered the intersection while Plaintiff's vehicle was rightfully entering the intersection;

3. Defendant Pangyu was inattentive;

4. Defendant Pangyu failed to drive in a careful and prudent manner, ensuring he would keep a careful lookout for other vehicles on the road, including the vehicle operated by Plaintiff;

5. The driving of Defendant Pangyu was unsafe and exemplary of a complete indifference or conscious disregard for the safety of others; and

6. Defendant Pangyu was otherwise negligent.

25. Defendants Bartech and Ford were also negligent in that:

   1. They did not hire competent, satisfactory, qualified, safety-conscious employees to operate vehicles;

   2. They misjudged and/or overestimated the skills of their employees, specifically Defendant Pangyu, in his ability to drive their vehicle;

   3. They failed to supervise or oversee their employees, such as Defendant Pangyu, in the use of their vehicles;

   4. They negligently entrusted the Ford Test Vehicle to Defendant Pangyu without the proper training, experience, and ability to safely operate a vehicle; and

26. The above and foregoing negligence of Defendants Bartech, Ford and Pangyu was the direct and proximate cause of subject collision.

27. As a result of the aforesaid negligence of Defendants Bartech, Ford and Pangyu as discussed herein, Plaintiff suffered numerous serious and painful bodily injuries, including, but not limited to, injuries to her neck, spine, and shoulder which

resulted in severe physical pain and suffering, severe mental anguish, and emotional distress.

28. As a direct and proximate result of the injuries described herein Plaintiff has incurred past medical expenses and will incur future medical expenses.

29. As a direct and proximate result of the injuries described herein Plaintiff has incurred lost wages and will incur future lost wages.

30. As a direct and proximate result of the injuries described herein, Plaintiff suffers and will in the future suffer severe physical pain, severe mental anguish and emotional distress.

WHEREFORE, Plaintiff prays for judgment against Defendants Bartech, Ford and Pangyu, jointly and severally, in this Count I of her Petition for such damages as are fair and reasonable and allowed under the law, for prejudgment interest as provided by law, for post-judgment interest as provided by law, for her costs in bringing this action, and for such other and further relief as this Court may deem just and proper.

### COUNT II - NEGLIGENCE PER SE
### (Against All Defendants)

31. Plaintiff hereby incorporates all preceding paragraphs as though fully set forth herein.

32. The aforesaid subject collision and the injuries and damages described herein are the direct and proximate result of Defendants' violation of one or more of the following:

> 1. Failure to exercise highest degree of care in violation of RSMo § 304.012; and

  2. Failure to observe the rules of the road in violation of RSMo § 304.014;

33. Plaintiff was within the class of persons intended to be protected by said statutes; Plaintiff sustained serious and painful injuries that said statutes were intended to prevent.

34. As a result of the aforesaid negligence of Defendants as discussed herein, Plaintiff suffered numerous serious and painful bodily injuries, including, but not limited to, injuries to her neck, spine, and back which resulted in severe physical pain and suffering, severe mental anguish, and emotional distress.

35. As a direct and proximate result of the injuries described herein Plaintiff has incurred past medical expenses related.

36. As a direct and proximate result of the injuries described herein Plaintiff has incurred lost wages and will incur future lost wages and future medical expenses.

37. As a direct and proximate result of the injuries described herein, Plaintiff suffers and will in the future suffer severe physical pain, severe mental anguish and emotional distress.

  WHEREFORE, Plaintiff prays for judgment against Defendants Bartech, Ford and Pangyu, jointly and severally, in this Count II of her Petition for such damages as are fair and reasonable and allowed under the law, for prejudgment interest as provided by law, for post-judgment interest as provided by law, for her costs in bringing this action, and for such other and further relief as this Court may deem just and proper.

Electronically Filed - Jackson - Independence - September 16, 2021 - 01:49 PM

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands trial hereof by jury.

        Respectfully Submitted,

        BARNES LAW FIRM, LLC

        /s/ *John M. Cusick*
        John M. Cusick, MO #49629
        Kyle S. Belew, MO #61768
        919 W. 47th Street
        Kansas City, MO 64112
        (816) 221-4321 – Telephone
        (816) 471-4321 – Facsimile
        jcusick@law4321.com
        kbelew@law4321.com

        ATTORNEYS FOR PLAINTIFF